IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROY LEE TOLSTON                                                                                          PETITIONER
ADC #100277

v.                                                    4:24-cv-00362-DPM-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                  RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

I.   **INTRODUCTION**

Petitioner Roy Lee Tolston, an inmate at the Arkansas Division of Correction's Maximum Security Unit, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 *pro se*. (Doc. No. 1.) I have conducted a preliminary review of Mr. Tolston's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed as time-barred.

II.  **BACKGROUND**

Mr. Tolston was convicted of one count of rape after a bench trial in 2001 in the Circuit Court of Pulaski County, Arkansas. (Doc. No. 2 at 51-52.) He was sentenced as a habitual offender to forty years' imprisonment. (*Id*.) On direct appeal, the Arkansas Court of Appeals summarized the facts of the case as follows:

> At trial, the victim, J.S., testified that she lived in an apartment with another female. On the evening of January 14, 2001, J.S. stated that her roommate's boyfriend and Tolston visited the apartment. Soon after the two men arrived, J.S. testified that she was tired and had a headache, so she went to her bedroom to go to sleep. J.S. stated that Tolston then came into her bedroom, and after asking her if he could get comfortable, Tolston took his shoes off, leaned over her, and began "rubbing on her." J.S. testified that she did not feel comfortable, so she got up and told Tolston that she did not want to do that. J.S. stated that she then went into the living room and went to sleep on the couch, while Tolston stayed in her bedroom. Later, Tolston came into the living room, apologized to J.S. for his actions, and told her that she could have her bed back. J.S. stated that she went back to her room and fell asleep. She testified that she woke up later to find that Tolston was naked and lying next to her. According to J.S.'s testimony, her nightgown was pulled up to her chest, Tolston's hand was in her panties, and his fingers were inside her vagina. J.S. testified that she jumped up and told Tolston that he was going to have to leave. She stated that she left the apartment shortly after the incident and reported what happened to the police. J.S. testified that she did not have any alcoholic beverages to drink that night, but she stated that she did take two Excedrin P.M. pills for her headache before she went to sleep.

*Tolston v. State of Arkansas*, No. CACR02-447, 2003 WL 245454, at 1 (Ark. Ct. App. Feb. 5, 2003). Mr. Tolston argued the trial court had failed to apply the correct version of the statutory definition of "physically helpless," as it pertains to whether the victim was capable of consent. *Id*. Mr. Tolston claimed J.S. could not have been considered physically helpless because she was merely asleep, not "unconscious." *Id*. The Court of Appeals rejected this argument, finding it was both unsupported by the record and not preserved for appellate review. *Id*. at 1-2.

Mr. Tolston filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, alleging he had received ineffective assistance of counsel at trial. (Doc. No. 1 at 3.) The petition was denied after a hearing. (*Id*.) The Arkansas Supreme Court affirmed,

2

holding Mr. Tolston had not been prejudiced by trial counsel's alleged failure to preserve arguments for appeal and trial counsel's recommendation that he not testify was reasonable trial strategy. *Tolston v. State of Arkansas*, No. CR04-480, 2005 WL 1411894 (Ark. June 16, 2005) (per curiam).

Mr. Tolston later filed a *pro se* petition to reinvest jurisdiction in the trial court to consider a petition for writ of error *coram nobis*. *See State of Arkansas v. Tolston*, No. 60CR-01-1063, https://caseinfonew.arcourts.gov. He again alleged the trial court had failed to apply the correct version of the statutory definition of "physically helpless" and also claimed the prosecution had violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding the victim's medical record. *Tolston v. State of Arkansas*, 2020 Ark. 14, 592 S.W.3d 626. The Arkansas Supreme Court denied the petition. *Id*.

In the instant Petition for Writ of Habeas Corpus and accompanying Memorandum of Law, Mr. Tolston alleges he is actually innocent and he received ineffective assistance of counsel at trial and on appeal. (Doc. Nos. 1, 2.)

**III.    ANALYSIS**

Mr. Tolston's Petition is untimely based on the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Tolston's conviction was affirmed on February 5, 2003. *Tolston*, 2003 WL 245454. He did not petition for rehearing or review, and the judgment became final when the Court of Appeals issued its mandate on February 27, 2003. *See State v. Tolston*, 60CR-01-1063. The limitation period began to run on that date. Barring any statutory or equitable tolling, the limitation period would have ended on February 27, 2004, making Mr. Tolston's Petition, filed April 24, 2024, approximately twenty years too late.

Mr. Tolston's Rule 37 petition was filed on March 26, 2003, and denied on October 9, 2003. *Id*. The denial was affirmed on June 16, 2005. *Tolston*, 2005 WL 1411894. Mr. Tolston did not petition for rehearing, and the mandate was issued on July 6, 2005. *See Tolston v. State of Arkansas*, No. CR-04-480, https://caseinfonew.arcourts.gov. Thus, the petition was pending from March 26, 2003, to July 6, 2005, and this period is excluded from the limitation period. Mr. Tolston's error *coram nobis* petition was filed on August 14, 2019. *See Tolston*, 60CR-01-1063. It was denied on January 16, 2020, and Mr. Tolston's motion for reconsideration was denied on March 5, 2020. *Id*. Therefore, the period from August 14, 2019, to March 5, 2020, is also excluded

4

from the limitation period. Taken together, these periods are insufficient to make the Petition timely.

Additionally, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Tolston has not made either showing.

Mr. Tolston does allege he is actually innocent. Actual innocence, if proved, can serve as a gateway through which a petitioner may pass when the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the United States Supreme Court has made clear that tenable actual-innocence gateway pleas are rare: in addition to coming forward with new, reliable evidence that was not presented at trial, a petitioner must also "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This standard is "demanding" and seldom met. *Id.* (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). Mr. Tolston has not met it.

Mr. Tolston has not presented any new evidence at all, much less new, reliable evidence that would have prevented a finding of guilt by a reasonable juror. Instead, he merely realleges his previously rejected ineffective-assistance claims, attacks the victim's credibility, and points to a "lack of DNA evidence," all to suggest the rape could not have occurred as the victim testified it did. (Doc. No. 2 at 12, 14-16, 21-22.) As the Arkansas Supreme Court pointed out in denying his error *coram nobis* petition, it is well established under Arkansas law that the uncorroborated testimony of a rape victim is sufficient to support a conviction if the testimony satisfies the statutory elements of rape. *Tolston*, 2020 Ark. 14, at 6, 592 S.W.3d at 631 (citing *Walters v. State*,

358 Ark. 439, 193 S.W.3d 257 (2004)).  For these reasons, Mr. Tolston has not made a tenable actual-innocence gateway claim, and his Petition is barred by the statute of limitations.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Because it plainly appears that Mr. Tolston's Petition for Writ of Habeas Corpus is time-barred and he is not entitled to relief, dismissal is appropriate.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  No such showing has been made here, and no certificate of appealability should issue.

## V.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

2. No certificate of appealability be issued.

DATED this 17th day of May 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE